**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| TIMOTHY SLATE, | ) | |
|      **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-0064** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 22, 2009, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACT AND PROCEDURE**

On September 17, 2002, Petitioner pled guilty in the United States District Court for the Western District of Virginia to distributing methamphetamine in violation of 21 U.S.C. § 841. United States v. Slate, Criminal No. 4:02-cr-70051 (W.D.Va. Dec. 13, 2002). On December 13, 2002, the District Court sentenced Petitioner to a 120-month term of imprisonment to be followed by a eight year term of supervised release. (Id., Document No. 29.) Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On January 22, 2009, Petitioner filed the instant Application requesting compassionate

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

release. (Document No. 1.) In support of his request, Petitioner states as follows:

> Timothy Slate was sentenced to 120 months on September 17th of 2002, by Judge Norman K. Moon, in the Southwestern Virginia District Court for the non-violent crime of drug possession. His projected release date is September 29th of 2009, due to good time credit and the RDAP course completion, which is anticipated to be April 10th of this year.

> But Timothy Slate may not make that release date with the deterioration of his health under the harsh years of incarceration. He is a chronic diabetic, requiring daily attention from the woefully deficient medical services offered at the Beckley Camp, and has only recently been released from the local hospital where he was taken for emergency services, and remained one week, while stabilizing.

> His diabetes has been exacerbated by the poor diet and absence of an alternative diet for his health issues. This has resulted in an ulcerated upper GI tract in his small intestines, and ulcerated lower esophagus, and a depletion of blood platelets, from 400,000 (normal), to 51,000 at present.

> Mr. Slate is on permanent "lay-in," as even a tiny cut or perforation in the ulcer tissue could quickly lead to death in his current condition. The physician warned him on these two issues to be extremely cautious, as in such event, "You won't make it to the highway, much less the hospital."

> Timothy Slate's single daughter is in college studying physical therapy in Virginia, where the last of the family savings have gone. All he wants now is to see her and spend some of the time they missed during her years growing up. His son has two children that should have a chance to know their grandfather.

> Requests for a transfer to a proper facility that might have averted Mr. Slate's current conditions(s) suffered the reply from staff, "We don't do transfers here." Discernable history of the Camp at Beckley FCI corroborates that cold response. Only inmates with diseases feared by staff, as in recent "MRSA" transfers, or inmates who have assisted or filed inmate complaints on management, have been transferred. There is no event in the collective memory of the inmate population at the Camp, of a compassionate release or transfer. "We don't do that here," has become the inmates' mocking mimicry of staff, when any issue of compassion or caring comes to fore, and it is sadly appropriate.

> But the issue is, can this court or any other assist this non-violent man, who has paid a sentence years in excess of that deserved for his crime already, gain assistance through the vehicle of habeas corpus, to ameliorate undue suffering?

(Id., pp. 1 - 3.) Based on the foregoing, Petitioner requests that the Court grant the following relief:

"(1) Order the immediate release of Timothy Slate; (2) Invite Regional Director of the Bureau of

Prisons to seek the Bureau's motion for release under 18 U.S.C. 4205(g); or (3) Grant release on

bond under the appropriate rule or Fed. R. App. P. 23(c)."[2] (Id., p. 7.)

## ANALYSIS

Petitioner requests a compassionate release due to his deteriorating health.[3] "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). However, Title 18, U.S.C. § 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under § 3559(c), and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The undersigned finds that Petitioner fails to meet the requirements for compassionate release under Section 3582(c)(1)(A). Although Petitioner contends that his release is necessary due to his deteriorating health, the undersigned finds that he has not presented any evidence that the BOP has tendered to the Court a motion for his early release. Absent a motion from

---

[2] To the extent Petitioner relies upon 18 U.S.C. § 4205(g), the undersigned finds that his claim must fail. Title 18 U.S.C. § 4205 was repealed on October 12, 1984. Title 18 U.S.C. § 4205(g) provided as follows: "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."

[3] To the extent that Petitioner is challenging the conditions of confinement, his claim is not cognizable under Section 2241.

the BOP, the Court lacks authority to grant compassionate release. Accordingly, the undersigned finds that Petitioner is not entitled to early release under Section 3582(c)(1)(A), and therefore, his Petition must be denied. See Overstreet v. Francis, 2007 WL 3026900 *2 (N.D.W.Va. Jun. 26, 2007)(holding that "petitioner is not entitled to any habeas relief regarding his quest for a compassionate release" because the BOP has not made a such a request).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: March 31, 2009.

R. Clarke VanDervort
United States Magistrate Judge